**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

VANNIE ADKINS,

               Plaintiff,

v.                                     CIVIL ACTION NO.  5:09-cv-01333

WELLS FARGO BANK, N.A.,

               Defendant.


**MEMORANDUM OPINION AND ORDER**


This case arises out of Defendant's allegedly unlawful and tortious actions in attempting to collect a debt from Plaintiff through repeated telephone calls placed to her residence.  Plaintiff, on March 19, 2009, initially filed this action in the Circuit Court of Raleigh County, West Virginia, where she is a resident.  Defendant removed the case to this Court for the first time on April 22, 2009.[1]  On June 15, 2009, the Honorable Thomas E. Johnston remanded the case.  Defendant filed a second notice of removal on December 11, 2009. (Document No. 1.)[2]  Pending before the undersigned is Plaintiff's Motion to Remand.  (Document No. 6.)[3]

---

[1]  The action was designated as *Adkins v. Wells Fargo Financial West Virginia, Inc.*, Civil Action No. 5:09-cv-00405.

[2]  On August 31, 2009, the name of the Defendant was amended to correct a misnomer.  The Circuit Court of Raleigh County substituted the name of  Wells Fargo Bank, N.A., for the originally named Defendant Wells Fargo Financial West Virginia, Inc.  (*See* Exhibit C (Document No. 1-4) at 44.)  Therefore, Defendant will be hereinafter noted in the caption of this case as Wells Fargo Bank, N.A.  The Clerk is **DIRECTED** to amend the style of the case accordingly.

[3]  28 U.S.C. § 1447(c) permits a party to seek a remand on the basis of any defect other than lack of subject
(continued...)

Adkins v. Wells Fargo Bank, N.A.

Upon consideration of the motion, opposition thereto, the attached exhibits, and the entire record herein, the undersigned **DENIES** Plaintiff's Motion to Remand, for the reasons that follow.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Vannie Adkins, brings this action pursuant to the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101, *et seq*., against Defendant Wells Fargo Bank, N.A.  Plaintiff Adkins alleges that (1) Defendant is a debt collector engaged directly or indirectly in debt collection within West Virginia, (2) Defendant engaged in the collection of her indebtedness through the use of telephone calls and through the United States mail, (3) she retained an attorney to represent her interest in connection with her debt and (4) despite being advised that she was represented by counsel, Defendant continued to call and communicate with her with respect to her debt.  (Ex. B, Complaint (Document No. 1-3), ¶¶ 4-8.)   Plaintiff asserts four claims which include violations of the WVCCPA, common law negligence, intentional infliction of emotional distress and common law invasion of privacy. (Complaint, ¶¶ 11-26.) Plaintiff seeks actual damages for the past and future violations of the WVCCPA, statutory damages in the maximum amount authorized by WV Code § 46A-5-106, costs of litigation, a determination that Defendant's actions were "willful violations," an order cancelling the alleged debt, general damages for past and future negligence and general and punitive damages for past and future conduct as alleged in her claims for intentional infliction of emotional distress and invasion of privacy.  The *ad damnum* clause of

[3](...continued)
matter jurisdiction, within thirty days after the filing of the notice of removal.  (*See* 28 U.S.C. § 1447(c).)

2

Adkins v. Wells Fargo Bank, N.A.

the complaint does not state the sum certain which Plaintiff seeks. (Complaint at 6-7.).[4]  On  April 22, 2009, Defendant Wells Fargo removed this case to this Court for the first time.  Defendant asserted that the basis for the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332, was satisfied "because the potential amount of actual damages combined with punitive damages, statutory damages, and attorney fees exceeds the minimum amount required[.]" (Notice of Removal (Document No. 1), ¶ 13, *Adkins v. Wells Fargo Financial West Virginia, Inc.*, Civil Action No. 5:09-cv-0405.)  On April 29, 2009, Plaintiff moved to remand the action by challenging whether the amount-in-controversy had been met.  Plaintiff relied on a signed and notarized stipulation in which she purported to limit her recovery to no more than $74,000.  (Ex. C, Stipulation (Document No. 1-4, at 12.))[5]  Plaintiff believed that such a stipulation precluded this Court's jurisdiction.  On June 15, 2009, this Court found the stipulation, limiting the amount in controversy, insufficient to divest the court of its jurisdiction.[6]  However, the Court concluded that Defendant had not carried its burden of proving that federal jurisdiction existed given the insufficient evidence of its itemization of damages.[7]  (*Id.*)  The case was thereafter remanded to the Circuit Court of Raleigh County.

---

[4]  In its Answer, Defendant admits that it contacted Plaintiff with respect to her debt and that it maintained a record of such instances.  However, Defendant denies all of the allegations and asserted a variety of affirmative defenses.

[5]  Specifically, Plaintiff stipulated: "Plaintiff herein hereby agrees to be bound by the following stipulation: Plaintiff herein shall neither seek [n]or accept an amount equal to or greater than $74,000.00 in this case, excluding interest and costs."  (*Id.*)

[6]  The Court found that the stipulation did not meet the standard articulated in *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d 481 (S.D. W. Va. 2001) (Haden, C.J.), in that the stipulation was neither signed by Plaintiff's counsel nor filed contemporaneously with the complaint.  *Adkins v. Wells Fargo Financial West Virginia, Inc.*, Civil Action No.5:09-cv-0405, 2009 WL 1659922, at *3 (S.D. W. Va. June 15, 2009) (Johnston, J.)

[7]  The Court determined that Defendant's contentions–with respect to the number of alleged violations of the WVCCPA, an estimation of attorney's fees and actual damages–were based on assumptions, not evidence in the record.

Adkins v. Wells Fargo Bank, N.A.

On July 14, 2009, the Circuit Court issued a Scheduling Order establishing, *inter alia*, discovery deadlines. The parties thereafter engaged in discovery. On December 11, 2009, believing Plaintiff's discovery responses "provide[d] sufficient evidence that [the] amount in controversy for diversity jurisdiction [could be] met[,]" Defendant moved, pursuant to 28 U.S.C. § 1446(b), to remove the matter to this Court. (Notice of Removal (Document No. 1), ¶ 9.)  In its notice of removal, Defendant contends that on September 21, 2009, it served on Plaintiff its first set of interrogatories and requests for production of documents; Plaintiff's responses were received on November 16, 2009; the responses included allegations that Plaintiff informed Defendant that she was represented by an attorney on November 12, 2008, and that she received "at least 25 harassing telephone calls from Wells Fargo[,]" and Plaintiff's interrogatory responses constitute an "other paper" as contemplated by 28 U.S.C. § 1446(b).  ((*Id.*, ¶¶ 7-8, & 10, 21); *see* Ex. A, Plaintiff's Response to Defendant's Wells Fargo Bank N.A.'s First Set of Interrogatories and Requests for Production to Plaintiff ("Pl.'s Interrogs.") (Document No. 1-2) at 1.)

Defendant further contends that Plaintiff's complaint does not specify the amount of actual damages sought (*id.*, ¶19), but that Plaintiff appears to be seeking a maximum statutory penalty for the alleged violations of W. Va. Code § 46A-5-106, which it has calculated as $4,204 for each violation. (*Id.*, ¶ 23.)  Defendant asserts that "[t]he statutory penalties requested by Plaintiff alone are, more likely than not, enough to satisfy the $75,000 threshold for removal." (*Id.*, ¶ 26.) Defendant also asserts that "[a]lthough the amount of [actual damages, attorney's fees, costs and punitive damages] are unknown, any amount of additional damages that Plaintiff potentially can

4

Adkins v. Wells Fargo Bank, N.A.

recover would be added to the statutory penalties and would cause the amount in controversy in this Civil Action to further exceed the statutory minimum required for removal." (*Id.*, ¶ 25.)

## II. THE PARTIES' CONTENTIONS

*Plaintiff's Motion to Remand (Document No. 6)*

Plaintiff moves to remand this case to the Circuit Court of Raleigh County on the basis that Defendant's latest attempt of removal is improper for two reasons.  First, Plaintiff contends that Defendant "failed to file its Motion to Remand with[in] thirty days of the date the case first became remov[able]" which Plaintiff contends occurred on (1) March 23, 2009 - the date of service of Plaintiff's Complaint,  (2) August 11, 2009 - when Defendant provided Plaintiff's counsel with its telephone records, or (3) when Defendant's counsel received Plaintiff's counsel's letter dated September 10, 2009, detailing that "Defendant's records could be interpreted as establishing either 500 violations of the [WVCCPA] or more than 100 violations[.]" (Plaintiff's Memorandum in Support of Her Motion to Remand ("Pl.'s Memo.") (Document No. 8) at 2.)  Plaintiff argues that Defendant's contention that it first learned of the number of alleged WVCCPA violations from Plaintiff's Interrogatory responses is "spurious at best[]" (*id.* at 7) given that Defendant "through discovery . . . produced its telephone logs which showed 47 phone calls to Plaintiff after it appeared that she had an attorney" and that the Interrogatory responses were based "upon the same records Plaintiff received from Defendant." (*Id.* at 6.)  Plaintiff further argues that "Defendant had these same records when it first removed the case but failed to tender such records to meet its burden of proof[.]" (*Id.*)

Adkins v. Wells Fargo Bank, N.A.

Second, Plaintiff contends that Defendant cannot satisfy the jurisdictional requirement of 28 U.S.C. § 1332.  In support of this contention, Plaintiff argues that the Stipulation–which the Court has previously found to be "insufficient . . . [to] divest[] [the Court of its] jurisdiction"–binds Plaintiff to seek an amount that is lower than the required amount in controversy.[8]  Plaintiff requests the Court to "revisit the issue of the jurisdictional amount and the efficacy of the Plaintiff's Stipulation[.]" (Pl.'s Memo. at 9.)   Plaintiff argues that the Court's reliance on *McCoy v. Erie Ins. Co.*, in consideration of the Stipulation, "elevat[es] form over function to require contemporaneous filing of the Stipulation [with the Complaint] when all [the Court in *McCoy*] was trying to eliminate was the filing of Stipulations **after** removal."  (*Id.* at 9.)

Defendant, in opposition, contends that it timely removed the case upon receipt of Plaintiff's interrogatory responses, that the jurisdictional amount in controversy is met in consideration of Plaintiff's request for statutory damages, and that Plaintiff's Stipulation is insufficient to preclude this Court's jurisdiction.  Defendant argues that Plaintiff's discovery responses "definitively showed for the first time that [the] jurisdictional threshold was met[]" because Plaintiff "definitively stated" that she provided her attorney's name and telephone number, on November 12, 2008, and that Defendant continued on "at least" twenty-five (25) occasions to call Plaintiff. (Defendant Wells Fargo Bank, N.A.'s Response in Opposition to Plaintiff's Motion to Remand ("Def.'s Oppn.") (Document No. 10) at 4.)  Defendant argues that based on this information, it timely removed the action within thirty days of receiving the responses.  Defendant counters Plaintiff's argument that timely removal would have been within thirty days of the filing of the Complaint, by pointing out

---

[8]  *See supra* n.6.

6

Adkins v. Wells Fargo Bank, N.A.

that Defendant did remove the case at that time and that the Court ultimately determined that remand was warranted.   Defendant also argues that Plaintiff's assertions that Defendant should have removed the case within thirty days after August 11, 2009, when Defendant produced the records, or within thirty days after receipt of Plaintiff's counsel's September 10, 2009, letter is "a sleight of hand" because "[Defendant's] records do not reflect any potential violations upon which to base jurisdiction" and "there were no potential damages or injuries apparent at that time upon which [Defendant] could have met its burden[.]"[9] (*Id.* at 5-6.)   Additionally, Defendant argues that the September 10, 2009, letter does not constitute "other paper" as contemplated by 28 U.S.C. § 1446, because the letter "was written by Plaintiff's counsel and improperly based its numbers on conjecture and speculation surrounding the [usage of the] word 'attorney' in [Defendant's telephone call] notes, despite the absence of the required attorney information[.]" (Def.'s Oppn. at 6-7.)

        With respect to Plaintiff's Stipulation, Defendant contends that the Court's previous decision that the Stipulation was not properly executed or filed concurrently with the Complaint was based on binding authority.   Defendant argues that to find otherwise would "permit Plaintiff to engage in untenable gamesmanship in their choice regarding when to file such stipulation in a case and effectively remove a defendant's statutory right to remove a case that otherwise meets the requirements for diversity jurisdiction." (Def.'s Oppn at 8.)

---

        [9]   Defendant asserts that the November 12 and November 28, 2008 entries on its telephone call logs did not include any information about Plaintiff's attorney, thus these entries are "insufficient on their face to provide notice that all calls after these entries are potential violations of [S]ection 2-128(e)[.]" (*Id.* at 6.)   Defendant notes that the November 12, 2008 entry stated, in pertinent part "UNCOOPERATIVE – SD TO CALL HER LAWYER . . ." and the November 24, 2008 entry read " . . . said she had a lawyer adv she is responsil[.]" (*Id.* at 6).   Defendant argues that the entry did not include the attorney's name, telephone number, address, or firm.  (*Id.*)

Adkins v. Wells Fargo Bank, N.A.

## III.   APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[10]  The procedure by which a defendant may remove a case to a district court is addressed in 28 U.S.C. § 1446(b); however, Congress has placed certain restrictions on a defendant's ability to remove a case.  In particular, 28 U.S.C. § 1446(b) reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  It is the second sentence of Section 1446(b) which is the subject of the instant dispute.  The Fourth Circuit has stated that to establish at what point it "may first be ascertained"

---

[10]  Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Adkins v. Wells Fargo Bank, N.A.

that a case is removable, it "will not require courts to inquire into the subjective knowledge of the defendant," but instead, it will "allow" district courts to "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. General Motors Corp.,* 121 F.3d 160,162 (4th Cir. 1997). "Examples of . . . documents recognized by courts as 'other paper' under § 1446(b) include 'requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery.'" *Bowyer v. Countrywide Home Loans Serv. LP*, Civil Action No.05:09-cv-0402, 2009 WL 2599307, at *3 (S.D. W. Va. Aug. 21, 2009) (quoting *Lovern*, 121 F.3d at 163) (citations omitted).

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, Defendant has the burden to show the existence of federal jurisdiction by a preponderance of the evidence. *See Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (When "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional

9

Adkins v. Wells Fargo Bank, N.A.

amount."); *see also White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001) (noting that courts in this district have engaged in some debate with respect to the burden of proof applicable to determine the amount in controversy in cases where the complaint does not specify a sum certain in the complaint.).  A defendant must furnish evidence in support of the statutory jurisdictional amount.[11]  "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden."  *White*, 2009 WL 2762060 at *2.  Likewise, "[t]he burden of establishing that removal was timely is on the defendant." *Tolley v. Monsanto Co.*, 591 F.Supp. 2d 837, 845 (S.D. W. Va. 2008) (citing *McPhatter v. Sweitzer,* 401 F.Supp.2d 468, 472 (M.D.N.C. 2005)).  In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## IV.    DISCUSSION

        Defendant asserts that diversity jurisdiction exists by alleging that the required jurisdictional amount in controversy is satisfied by the statutory damages Plaintiff seeks for the alleged violations of the WVCCPA.  Therefore, the issue before the Court is whether Defendant has timely and properly removed this action and demonstrated that the statutory jurisdictional amount in controversy has been satisfied.  Because Defendant appropriately removed this case within thirty

---

[11]    Defendant asserts that federal jurisdiction is founded on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).  Section 1332(a)(1), provides that a federal district court has original jurisdiction over cases between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  28 U.S.C. §1332(a)(1).

Adkins v. Wells Fargo Bank, N.A.

days of its receipt of "other papers" which support its contention that Plaintiff seeks damages in

excess of $75,000.00, the undersigned finds Defendant's removal timely and proper.

> ### A. Defendant's removal is timely

Plaintiff unsuccessfully challenges the timeliness of Defendant's removal. Plaintiff contends

that Defendant should have removed this case within thirty days of either: (1) the filing of the

Complaint, (2) the production of Wells Fargo's records, or (3) Plaintiff's counsel's September 10,

2009, letter discussing Defendant's discovery production.  As an initial matter, pursuant to Section

1446(b), the undersigned finds that this case was not initially removable. Plaintiff's complaint, on

its face, does not contain any basis upon which to support the statutory jurisdictional amount of

Section 1332.  "Although the court may consider the entirety of the record at the time of removal,

the starting point of its analysis clearly must be the allegations of the Complaint, itself." *White*,

2009 WL 2762060, at 2 (citations omitted).  The undersigned observes that, in the complaint,

Plaintiff neither alleges the date on which she communicated to Defendant that she was represented

by an attorney nor the number of instances that Defendant violated any portion of the WVCCPA.


Additionally, Plaintiff's contentions that this matter was removable at the time of the initial

complaint is belied by the Court's prior ruling to remand. This Court previously determined that

Defendant's efforts to demonstrate that the damages sought by Plaintiff met the jurisdictional

amount was insufficient.  Plaintiff argues that Defendant had the telephone records at the time of the

first removal which could have supported its removal. Although, that  is conceivable, such an

assertion is not dispositive as there were no documents in the record, at the time of the first removal,

11

Adkins v. Wells Fargo Bank, N.A.

from which it could be ascertained that the case was removable.[12]  *See Bowyer*, 2009 WL 2599307, at *4 ("Defendant's previous unsuccessful attempt to remove this case was premised on the complaint. . . . Defendant may well have been aware that it potentially was facing statutory penalties for the nearly three thousand telephone calls to Plaintiff, but its subjective knowledge of the amount in controversy was irrelevant under § 1446.") (citation omitted).  Further, the time period to remove an action does not depend on a defendant's actual knowledge of the basis of the removal, but is governed by the service of the pleading. The Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Lovern*, 121 F.3d at 162.  Thus, the undersigned finds that the initial pleading did not reveal an objective basis for removal and,  therefore, the filing of the complaint did not trigger Defendant's thirty-day time period.

Plaintiff next argues that the notice of removal should have been filed within thirty days of August 11, 2009, the date Defendant produced its telephone call logs or after September 10, 2009, when her attorney forwarded a letter to Defendant.  Defendant, in opposition, contends that neither the August 11, 2009, discovery production nor the September 10, 2009, letter "triggered the thirty (30) day removal period" (Def.'s Oppn. at 7) because the "documents did not show any violations, let along [sic] a sufficient number to support removal." (Def.'s Oppn. at 6.)  The undersigned finds that  Defendant's discovery production to Plaintiff could not satisfy the demand of Section 1446. A defendant's right to remove, under the statute, is predicated upon the "receipt by the defendant" of "an amended pleading, motion, order or other paper" which evinces that the case is removable.

---

[12]  *See supra* n.7.

Adkins v. Wells Fargo Bank, N.A.

The document Plaintiff points to was prepared by Defendant, not received by the Defendant. Plaintiff does not contend that any other document, other than the call logs upon which she based her discovery responses, were received by the defendant on August 12, 2009.  Moreover, Defendant argues that the records which were produced contained "entries [that] are insufficient on their face to provide notice that all calls after these entries are potential violations of Section 2-128(e)."  The undersigned finds Defendant's argument thinly drawn; however, it is not the role of the court, at this juncture in the litigation, to inquire into the subjective knowledge of Defendant.  To do so, in this instance, would lead to a mini-trial on the subject which is the basis of this ligation–whether defendant violated Section 46A-2-128(e) by contacting Plaintiff after it was alerted that she was represented by counsel.

Likewise, the September 10, 2009, letter forwarded to Defendant by Plaintiff's counsel also does not start the thirty-day clock.  An objective and fair reading of the September letter is that Plaintiff's counsel desired Defendant to "respond[] fully and completely" to Plaintiff's discovery request which "ask[ed] Defendant to list each telephone call placed by or on behalf of Defendant to Plaintiff[.]"  Plaintiff's counsel pointedly acknowledged that "we cannot decipher the records in their present form."  Counsel for Plaintiff then explained the point of his confusion was nestled in the conflicting information provided.  In pertinent part, Plaintiff's counsel stated:

> For example, looking at the telephone logs marked as Bates Nos. 9 through 44, if each of those entries reflect a phone call placed to our client, then those records would reflect 500 phone calls from the point at which Plaintiff advised Defendant of representation by an attorney (November 12, 2008) to where the records end on February 10, 2009. In contrast, the records marked Bates Nos. 45 through 59 reflect more than 100 phone calls after the operative date of November 12, 2008.

13

Adkins v. Wells Fargo Bank, N.A.

(Exhibit C, September 10, 2009, Letter from Ralph C. Young to Angela L. Beblo (Document No. 1-4) at 66.)    Although this letter provided the date upon which Plaintiff alleges she advised Defendant that she was represented by counsel, without more, the undersigned finds that this letter does not offer a basis upon which Defendant could have ascertained that the case was removable. Thus, the undersigned finds that neither of these instances would have triggered the thirty days contemplated by the Section 1446(b).

In contrast, Defendant contends that it was on November 12, 2009, that it was first alerted of the alleged number of instances in which Plaintiff contends that Defendant contacted her despite its knowledge that she was represented by counsel.  In response to Defendant's interrogatory to "[i]dentify each and every fact you possess in support of the allegations [in various paragraphs of the complaint,]" Plaintiff stated that "on November 12, 2008, the Plaintiff provided Wells Fargo with her attorney's name and telephone number.  Thereafter, the Plaintiff received at least 25 harassing telephone calls from Wells Fargo."  As will be explained below, Defendant correctly asserts that the number of alleged violations, in consideration of the maximum statutory penalty sought by Plaintiff, supports a finding that diversity jurisdiction exists.  In instances,when the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. §1446(b).  There is no dispute between these parties that Plaintiff's interrogatory response is an "other paper" as that term is used in § 1446(b).  Further, it has previously been determined that interrogatory responses can serve as an "other paper."  *See*

14

Adkins v. Wells Fargo Bank, N.A.

*Bowyer*, 2009 WL 2599307, at *3 (citations omitted).  There is also no dispute that Defendant removed this case within thirty days of its receipt.[13]   Further, having previously determined that the initial pleading was not removable and that Defendant received the interrogatory responses, which constitute the "other paper" mentioned in the applicable statute, the undersigned finds that the removal was timely.

### B.  Defendant sufficiently demonstrates that the jurisdictional amount has been met

However, the court's inquiry does not stop here, the defendant must also demonstrate that this Court's diversity jurisdiction has been properly invoked.  *White*, 2009 WL 2762060, at *2. There is no dispute with respect to the citizenship of the parties. Thus, Defendant need only establish that the jurisdictional amount is satisfied.  Defendant can easily meet this requirement given that Plaintiff's interrogatory response asserts that she received at least 25 telephone calls after she informed Defendant that she had an attorney.  Plaintiff, in her prayer of relief, specifically requested "statutory damages in the maximum amount authorized by West Virginia Code §46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code §46A5-106."  (Complaint at 7.)   The maximum amount of statutory damages  which may be accessed under Section 46A-5-101(1) is $1,000.00 per violation.   This figure, Defendant alleges, when adjusted for inflation, is $4,204.00 per violation. (Notice of Removal, ¶¶ 21-24.)  Given the adjusted statutory maximum penalty multiplied by the 25 alleged telephone call violations, the undersigned finds that the jurisdictional amount has been met.   Moreover, the undersigned notes that this amount does not include any

---

[13]  Plaintiff served her interrogatory responses  on November 12, 2009; Defendant received the responses on November 16, 2009.  The instant notice of removal was filed on December 11, 2009.

15

Adkins v. Wells Fargo Bank, N.A.

consideration with respect to any award of actual damages, punitive damages, attorney's fees and the cancellation of Plaintiff's debt.  Thus, the undersigned finds that Defendant has sufficiently carried its burden in demonstrating that diversity jurisdiction exists.

Notwithstanding the Court's previous ruling that the stipulation offered by Plaintiff was insufficient to divest the Court of its jurisdiction, Plaintiff requests that the Court reconsider its previous ruling.  However, the undersigned finds that Plaintiff has neither presented any authority upon which reconsideration is warranted where the defects identified by the court have not been cured, nor alleged any new facts that would warrant reconsideration.[14]   Thus, the undersigned finds no basis upon which to reconsider this Court's previous ruling that Plaintiff's stipulation–which attempted to limit the amount of damages sought–is insufficient to preclude diversity jurisdiction.

## V.     CONCLUSION

The Court finds that Defendant has sufficiently demonstrated that diversity jurisdiction exists because nothing on the face of the initial pleading revealed that this case was removable, that Defendant's second removal is predicated on Plaintiff's response to an interrogatory, and that Defendant timely and properly sought removal upon its receipt of the response from which "it [was] first ascertained" that Plaintiff sought the maximum statutory damages for "at least 25" alleged instances

---

[14]   *See supra* n.6.

Adkins v. Wells Fargo Bank, N.A.

of violations of Section 46A2-128(e) of the WVCCPA,.  Thus, the Court does hereby **ORDER** that

Plaintiff's Motion to Remand (Document No. 6) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        May 3, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

17